Lynch, J.
(dissenting). I respectfully dissent. In opposing plaintiff’s motion for a default judgment through their cross motion, defendants Shelly A. Jameson and Danny J. Jameson (hereinafter collectively referred to as defendants) were required to show both a reasonable excuse for the default and a meritorious defense (see Kostun v Gower, 61 AD3d 1307, 1307 [2009]). Since plaintiff has conceded that defendants’ excuse was reasonable, the issue distills to whether defendants have demonstrated a meritorious defense. The focus here is on defendants’ claim that plaintiff lacks standing. Plaintiff maintains that, through their default, defendants have waived the standing defense and that, in any event, the record confirms that plaintiff has standing as the holder of the note.
As a threshold matter, I do not agree with plaintiffs that defendants waived their right to assert standing simply by virtue of their default. To hold otherwise would deprive defendants of their right to seek statutory relief from a default pursuant to CPLR 5015 (a) (1). That is particularly so here where plaintiff has conceded that the default was excusable (compare Deutsche Bank Natl. Trust Co. v Hussain, 78 AD3d 989, 989 [2010]; HSBC Bank, USA v Dammond, 59 AD3d 679, 680 [2009]).
As the majority points out, the question of standing here pertains to whether plaintiff had possession of the note at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]). A review of the note shows that it was indorsed over to plaintiff through an allonge dated January 17, 2008, which I agree established plaintiff as the holder of the note at that time. The nuance, however, is that the allonge includes a further undated indorsement in blank signed by plaintiff’s representative. In her opposition affidavit, defendants’ attorney pointed out certain anomalies in the note, including the fact that plaintiff had signed the blank indorsement — which counsel suggested was an indication that the
*1496 note had been transferred. While that contention may be speculative, nowhere in plaintiffs response does it explain the purpose of the blank indorsement. In reply, plaintiffs counsel simply referred again to the allonge and the affidavit of plaintiffs representative, Brittany Lipscomb. Based on her review of plaintiffs business records, Lipscomb averred that plaintiff was “the holder of the note.” While that statement is certainly accurate by virtue of the allonge, she does not address the blank indorsement. Plaintiffs only explanation is set forth in its brief, where it reasons that the indorsement is proof that plaintiff obtained possession of the note. Fair enough, but that point in no way explains the purpose of the blank indorsement or whether plaintiff still retained possession when the action was commenced in March 2014. Moreover, since the blank indorsement is undated, we are left uncertain whether it was signed before or after the action was commenced (compare CPLR 1018; CitiMortgage, Inc. v Rosenthal, 88 AD3d 759, 761 [2011]). In my view, the presence of an undated blank indorsement that plaintiff has completely failed to explain raises a plausible, factual issue as to plaintiffs standing. As defendants have raised a meritorious defense, Supreme Court should have granted their cross motion authorizing them to serve an answer (see CPLR 5015 [a] [1]).
Ordered that the order is affirmed, with costs.